# THE UNION TRUST COMPANY OF NEW YORK, PLAINTIFF, *v.* AUGUSTUS S. WHITON, DEFENDANT.

### *Loan — what proof of sufficient.*

Upon the trial of an action to recover the amount of a loan alleged to have been made to the defendant, the plaintiff produced a loan check, signed by its president and cashier, payable to the order of and indorsed by the defendant, and also an envelope with the following indorsement thereon, of the same date as the check, in the handwriting of the defendant: "A. S. Whiton [defendant's name], 19 Broad street. Four months loan. From Union Trust Company. Amount, $75,000. Interest, seven per cent." Following which was a statement of securities valued at $92,000. *Held*, that the evidence was sufficient to require the court to submit to the jury the question whether a loan had not been made to the defendant, and that an order dismissing the complaint was erroneous and should be reversed.

MOTION for a new trial by plaintiff, on exceptions ordered to be heard in the first instance at the General . Term, after a nonsuit ordered by the court.

The action was for money loaned by plaintiff to defendant.

*Wheeler H. Peckham*, for the plaintiff.

*Ashbel Green* and *B. F. Dunning*, for the defendant.

DANIELS, J. :

To prove the loan of the money which the plaintiff sought to recover in this action, a check was produced purporting to have been a check of the Union Trust Company of New York, signed by J. H. Frothingham, president, and C. T. Carlton, who was shown to have been the secretary of the company, by which the Manhattan Company was requested to pay to the order of A. S. Whiton the sum of $75,000 in current funds. It was dated on the 16th of June, 1871, and shown to have been indorsed by the defendant; and it was produced on the trial by the plaintiff's teller, who testified that it was a loan check. An envelope was also produced in like manner from the papers of the plaintiff, which was read in evidence, containing the following indorsement :

" Date, June 16, 1871. A. S. Whiton, 19 Broad street. Four months loan from Union Trust Company. Amount, $75,000. Interest, seven per cent."

And underneath this indorsement, under the word " securities," followed the statement : " Georgia seven per cent gold bonds, number," to which was added the numbers of 400 bonds, valued on the right side of the envelope at $92,000.

The plaintiff proved that the name of A. S. Whiton in the indorsement was the handwriting of the defendant. And upon these facts its case was rested. The court thereupon nonsuited the plaintiff, on the ground that the proof was not sufficient to sustain the presumption of a loan of the money.

The indorsement of the check by the defendant indicated that it had passed through his hands, and in some manner afterward had reached the possession of the plaintiff. These were circumstances tending to show that the defendant had used it ; and if he did that, he probably had done so in the usual manner of rendering such instruments available, by procuring the money upon it. (1 Greenlf. on Ev., § 38 ; id., vol. 2, § 112.)

The indorsement made upon the draft bore the same date as the check, and mentioned the same amount, and declared that a four months' loan of that sum had been made from the plaintiff. And as it contained the signature of the defendant, it indicated him to have been the borrower. It was taken together, in the nature of an admission, that the plaintiff had loaned him the sum of money mentioned in the check. And as that was stated to have been a loan check, it is probable from that circumstance, as well as the identity of the date and amount, that both instruments related to the same transaction, and that the money had been loaned by the plaintiff as it was alleged it had in the complaint. In its circumstances, the case was within the intimation given in *Cary* v. *Genish* (4 Esp., 9) as to what would be sufficient to justify the presumption of a loan. They were more cogent, evidently, than the admission and act of the defendant in *Bogert* v. *Morse* (1 Comst., 377), and which were deemed enough to warrant the jury in finding that a loan of money had been made. The natural inference from the check indorsed by the defendant being found in the possession of the plaintiff, with the admission which could be inferred

from the statement, embodying his signature, made upon the envelope was, that he had been loaned this amount of money by the plaintiff. In this respect, enough appeared to entitle the plaintiff to have the case submitted to the jury,

The nonsuit should therefore be set aside, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Nonsuit set aside, new trial ordered, costs to abide event.